IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Santo's Italian Café LLC dba Santosuossos Pizza Pasta Vino,** | ) ) ) | **Case No. 1:20-CV-01192** |
| | ) | **Judge Pamela A. Barker** |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **Magistrate Judge William H. Baughman, Jr.** |
| **Acuity Insurance Company** | ) ) | **DEFENDANT'S MOTION TO DISMISS** |
| **Defendant.** | ) ) | |

Under F.R.C.P. 12(b)(6), Defendant, Acuity, A Mutual Insurance Company, moves to dismiss Plaintiff's complaint for declaratory judgment, breach of contract, and bad faith. The complaint alleges that Plaintiff was forced to cease its dine-in restaurant operations as a result of the State of Ohio's COVID-19 orders. Having sustained economic losses because of those orders, Plaintiff seeks to recover its losses from its property insurer, Acuity.

But even assuming the truth of Plaintiff's allegations, the claims fail as a matter of law for several reasons:

- First, the business-income and expense coverage in the Acuity policy applies only if insured property sustains direct physical loss or damage, which, under Ohio law, requires a physical alteration of property that adversely affects its structural integrity. *See Mastellone v. Lightning Rod Mut. Ins. Co.*, 2008-Ohio-311, ¶61 (8th Dist.). Here, Plaintiff's complaint alleges mere economic losses resulting from governmental shutdown orders due to the COVID-19 pandemic. No physical alteration of property or loss of structural integrity is alleged. The mere

existence of a pandemic or the possible presence of a virus is insufficient as a matter of law to trigger income and expense coverage under the Acuity policy;

- Second, the Acuity policy's "civil authority" coverage applies only when there is (1) damage to property *other than* the insured's premises, and (2) that *other* damage causes a civil authority to prohibit access to the insured's premises due to dangerous physical conditions elsewhere. Plaintiff's complaint alleges no such *other* physical loss or damage, no dangerous physical conditions elsewhere, and no prohibited access—only prohibited dine-in operations;

- Third, even if direct physical loss or damage were alleged, coverage would still be barred because Plaintiff's policy excludes loss or damage caused "directly or indirectly" by "[a]ny virus . . . that induces or is capable of inducing physical distress, illness or disease." This virus exclusion applies "regardless of any other cause or event that contributes concurrently or in any sequence to the loss";

- Fourth, since the Acuity policy affords no coverage for Plaintiff's income and expense claims, Plaintiff's bad-faith claim also fails as a matter of law. *See Bolton v. State Farm Fire & Cas. Co.*, 2017 WL 5132732, *15 (N.D. Ohio);

- Fifth, Plaintiff's allegation that Acuity "waived" its coverage defenses is meritless because Ohio law doesn't permit an insured to invoke the doctrine of "waiver" to expand coverage under a policy. *Lubrizol Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 200 Fed. Appx. 555, 564, 2006 WL 2986396, *7 (6th Cir.);

- Sixth, Plaintiff claims that its insurance agent advised Plaintiff that no coverage existed for Plaintiff's COVID-19 claim. Plaintiff alleges that Acuity is bound by what the agent allegedly said and that Acuity is somehow liable for bad faith. But

Plaintiff's claim is contrary to Ohio law. Plaintiff's independent insurance agency was *Plaintiff's* agent, not Acuity's. Acuity cannot be liable based on the alleged statements of Plaintiff's own agent. Nor can Acuity be liable when an agent opines that no coverage exists. Coverage *as a matter of law* does not exist.

Since Plaintiff fails to state a plausible claim against Acuity, the complaint should be dismissed as a matter of law. This motion is based on the complaint, the certified Acuity policy referenced in the complaint, the State of Ohio COVID-19 orders referenced in the complaint, and the memorandum filed herewith.

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
John R. Chlysta (0059313)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
Telephone: (330) 670-7324 / (330 670-7305
Facsimile: (330) 670-7440 / (330) 670-7442
Email: kcalderone@hcplaw.net
          jchlysta@hcplaw.net
*Attorneys for Defendant, Acuity, A Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

This document was filed on June ___, 2020 using the court's CM/ECF system, which will send notification of such filing to all parties. Parties may access this document through the Court's electronic filing system.

*/s/ Kenneth A. Calderone*

<<HCP #1113455-v1>>